UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: TIMOTHY R. BROWN and KARON J. BROWN     CASE NO. 10-12087-DWH

TIMOTHY R. BROWN and KARON J. BROWN     PLAINTIFFS

VERSUS     ADV. PROC. NO. 10-01105-DWH

MISSISSIPPI DEPARTMENT OF REVENUE,
f/k/a MISSISSIPPI STATE TAX COMMISSION     DEFENDANT

## OPINION

On consideration before the court is a motion for summary judgment filed by the Mississippi Department of Revenue, f/k/a Mississippi State Tax Commission, ("MDR"); response to said motion having been filed by the plaintiffs, Timothy R. Brown and Karon J. Brown, ("debtors"), along with their cross-motion for summary judgment to which MDR has filed its response; both motions address the primary issue in this adversary proceeding which is whether the debtors' tax liabilities to MDR for 2001 and 2003 are dischargeable in their bankruptcy case; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(i).

II.

MDR and the debtors submitted the following agreed statement of undisputed facts, [Dkt. #22] to-wit:

1. Timothy and Karon Brown filed a 2001 Mississippi Income Tax Return.

2. Timothy and Karon Brown filed a 2003 Mississippi Income Tax Return.

3. Timothy and Karon Brown requested an extension of time to file their 2001 Income Tax Return through August 15, 2002.

4. Timothy and Karon Brown requested an extension of time to file their 2003 Income Tax Return through October 15, 2004.

5. Timothy and Karon Brown's 2001 unsigned Mississippi Income Tax Return shows a print/preparation date of October 13, 2002.

6. The Mississippi Department of Revenue processed Timothy and Karon Brown's 2001 Mississippi Income Tax Return on or about October 30, 2002.

7. Timothy and Karon Brown filed their 2003 Mississippi Income Tax Return on or about November 1, 2004.

8. Timothy and Karon Brown filed their 2001 Federal Income Tax Return on November 25, 2002.

9. Timothy and Karon Brown filed their 2003 Federal Income Tax Return on November 22, 2004.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,*

477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

IV.

On February 3, 2003, and again on January 13, 2010, MDR enrolled and re-enrolled Lien No. 000415582 on the Judgment Roll of Tate County, Mississippi, against the debtors for their 2001 income tax liability in the amount of $1,796.28. On October 18, 2005, MDR enrolled Lien No. 0490726-I against the debtors for their 2003 income tax liability in the amount of $1,619.19. The debtors outstanding tax debt as of the petition date was $3,017.82, including interest at 12% per year.

The debtors had requested earlier an extension through August 15, 2002, to file their 2001 tax return. The return, which was unsigned when filed, reflected a print/preparation date of October 13, 2002. As set forth in the affidavit of Lisa Chism, the MDR Individual Income Tax Director, MDR processed the debtors' 2001 income tax return on October 30, 2002. According to the Internal Revenue Service's (IRS) tax transcript, the debtors filed their 2001 federal income

tax return on November 25, 2002, and were assessed a late fee penalty because of their tardiness.

The debtors requested an initial extension through August 15, 2004, to file their 2003 tax return, and, following a second extension request, were granted until October 15, 2004 to file this return. According to Chism's affidavit, this return was not actually filed until November 1, 2004. The IRS's tax transcript reflects that the debtors filed their 2003 federal income tax return on November 22, 2004.

In their responses to MDR's interrogatories, the debtors stated they were not sure when they filed their 2001 and 2003 state returns, but "they would show that they were filed simultaneously with their 2001 and 2003 Federal Income Tax Returns." This confirms that the returns were filed late after both extension dates had expired.

V.

Primarily, four applicable provisions of law apply to this adversary proceeding. Two are found in the United States Bankruptcy Code, and two are found in the tax laws of the State of Mississippi.

Section 523(a)(1)(B) of the Bankruptcy Code provides as follows:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
    (1) for a tax or a customs duty-
    . . . .
        (B) with respect to which a return, or equivalent report or notice, if required-
            (i) was not filed or given; or
            (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

4

As a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), §523(a) of the Bankruptcy Code was amended, effective October 17, 2005, to specifically add the following definition of "return" in an unnumbered paragraph inserted immediately after §523(a)(19), to-wit:

> For the purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable non-bankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to §6020(a) of the Internal Revenue Code of 1986, or a similar State or local law, or a written stipulation to a judgement or a final order entered by a non-bankruptcy tribunal, but does not include a return made pursuant to §6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

Mississippi Code Annotated §27-7-41 (1980) states as follows:

> Returns of individuals, estates, trusts and partnerships shall be filed on or before the fifteenth day of the fourth month following the close of the fiscal year; or if the return is filed on the basis of a calendar year, it shall be filed on or before April 15th of each year.

Miss. Code Ann. §27-7-50 (1982) states as follows:

> [t]he commissioner may grant a reasonable extension of time beyond the statutory due date within which to file any return required by this chapter when it is shown to the satisfaction of the commissioner that good cause for such extension exists. The commissioner may, in his discretion, automatically recognize extensions of time authorized and granted by the Internal Revenue Service for the filing of annual income tax returns.

Considering the extensions that were permitted, the debtors' 2001 and 2003 income tax returns were due on August 15, 2002, and October 15, 2004, respectively. As acknowledged in the statement of undisputed facts, these two returns were not timely filed pursuant to applicable non-bankruptcy law, including applicable filing requirements. As such, they are not considered as returns and the underlying tax liabilities are non-dischargeable pursuant to 11 U.S.C. §523(a)(1)(B). See this court's decision in *Creekmore v. Internal Revenue Service*, 401 B.R. 748

(Bankr. N.D. Miss. 2008), and *Weiland v. State of Miss. Department of Revenue (In re Weiland)*, Case No. 10-14415, Adv. Proc. No. 11-01002, May 10, 2011 (Bankr. N.D. Miss). *See also*, *McCoy v. Miss. State Tax Comm. (In re McCoy)*, 2009 WL 2835258 (Bankr. S.D. Miss. 2009).

The debtors argued in their cross-motion for summary judgment that pursuant to the Eighth Circuit decision of *In re Colsen*, 446 F.3d 836, 839 (8th Cir. 2006), a "return" is a tax return if it "...contains sufficient information to permit a tax to be calculated" and "purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law." *Colsen*, 446 F.3d at 839. The *Colsen* decision applied sections of the Bankruptcy Code that existed prior to the enactment of BAPCPA, which primarily became effective to cases filed on and after October 17, 2005. *Colsen*, also followed the minority view "that a taxpayer's filing a Form 1040 after an assessment by the IRS constituted a 'return.'" *Creekmore*, 401 B.R. at 751. *Colsen* is simply not applicable to the subject case which was filed subsequent to the amendment to §523(a), i.e., the unnumbered paragraph following §523(a)(19). "The definition of 'return' in amended §523(a) apparently means that a late filed income tax return, unless it was filed pursuant to §6020(a) of the Internal Revenue Code, can never qualify as a return for dischargeability purposes because it does not comply with the 'applicable filing requirements' set forth in the Internal Revenue Code." *Creekmore*, 401 B.R. at 751.

Counsel for the debtors pointed out that a late filed return can be discharged after BAPCPA if the return is prepared by the Secretary of the Treasury and is signed by the tax payer pursuant to 26 U.S.C. §6020(a), contending that this section should apply to state income tax returns. This court has previously addressed this "safe harbor" provision. *See, Creekmore, supra.* However, not only did the Secretary not prepare the debtors' returns, but the State of

6

Mississippi's tax laws do not have a "safe harbor" provision that is analogous to §6020(a). As such, §6020(a) applies only to federal income tax returns, not to Mississippi's state income tax returns.

VI.

Based upon the foregoing, the court is of the opinion that there are no genuine issues of material fact remaining in dispute with regard to MDR's complaint against the debtors. MDR, therefore, is entitled to a judgment as a matter of law that its tax claims against the debtors are non-dischargeable pursuant to 11 U.S.C. §523(a)(1)(B)(i) and the unnumbered paragraph following §523(a)(19). The debtors' motion for summary judgment is not well taken and must be overruled.

A separate order will be entered consistent with this opinion.

THIS the 1st day of June, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE